IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | MISC. ACTION 16-0001-WS-N |
| LEAR RENOSOL SELMA MANUFACTURING FACILITY, | ) ) ) | |
|     Defendant. | ) ) | |
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION 16-0061-WS-N |
| LEAR RENOSOL SELMA MANUFACTURING FACILITY, | ) ) ) | |
|     Defendant. | ) | |

**ORDER**

      On March 1, 2016, the undersigned entered a Show Cause Order (doc. 11) in Miscellaneous Action 16-0001-WS-N.  Recognizing the considerable overlap between Misc. Action 16-0001 and the later filed Civil Action 16-0061-WS-N, the Show Cause Order observed that the interests of efficient judicial administration would appear to be served by consolidation of these two cases for all purposes henceforth.  On that basis, the March 1 Order directed the parties to show cause, if any exists, on or before March 8, 2016 why these cases should not be consolidated, and cautioned them that in the absence of a timely response, the Court would assume that there were no objections would promptly effectuate the consolidation.  The deadline has expired, with no response from the parties.

      There is no doubt that these two actions are closely related, both factually and legally.  Pursuant to Rule 42(a), Fed.R.Civ.P., a district court has authority to order consolidation when "actions before the court involve a common question of law or fact."  *Id.*  The Eleventh Circuit

has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  Under the circumstances here, considerations of efficiency, judicial economy, minimizing risk of inconsistent rulings on common questions, and avoiding unnecessary burdens to the parties and the court all favor consolidation.  Simply put, consolidation would plainly streamline the proceedings and eliminate needless repetition.

For all of the foregoing reasons, including the parties' non-opposition to this proposed course of action, the Court exercises its discretion in favor of **consolidating these actions for all purposes**, pursuant to Rule 42(a).  To effectuate consolidation, the Clerk of Court is **directed** to extract documents 1 through 11 from Miscellaneous Action 16-0001-WS-N and to make those documents part of the court file in Civil Action 16-0061-WS-N.  Furthermore, the Court finds that there is no present reason to maintain Miscellaneous Action 16-0001-WS-N as an open file.  Therefore, the Clerk of Court is **directed** to take all necessary steps to statistically close Misc. Action 16-0001 and to remove it from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.  To avoid confusion, and given that 16-0001 will henceforth be a closed file that has been swallowed whole by 16-0061, the parties are **ordered** not to include the caption of 16-0001 in any future filings and not to file any pleadings, motions or other papers directly in 16-0001.  Rather, all future filings in these consolidated proceedings should be made exclusively in 16-0061.

DONE and ORDERED this 10th day of March, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE